UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YESLOW & KOEPPEL, P.A., STEVEN G.
KOEPPEL and MARK B. YESLOW,

    Plaintiffs,

v.                                  Case No. 2:20-cv-588-JLB-NPM

RONALD H. SNYDER and BENEFIT
STRATEGIES GROUP, LLC,

    Defendants.
_____/

## ORDER

Defendants Ronald H. Snyder and Benefit Strategies Group, LLC ("BSG") move to dismiss the complaint filed by Plaintiffs Yeslow & Koeppel, P.A. ("Y&K"), Steve G. Koeppel, and Mark B. Yeslow. (Docs. 1, 11.) After examining the complaint, the Court has determined that it is a shotgun pleading. Accordingly, the Court exercises its inherent authority to **DISMISS** the complaint **without prejudice**. Defendant's motion to dismiss (Doc. 11) is **DENIED AS MOOT**.

### BACKGROUND

The key facts of this case, as they are laid out in the complaint, are not entirely clear. But from what the Court can discern, Mr. Snyder, an attorney licensed in Utah, is the managing member of BSG. (Doc. 1 at ¶¶ 10–11.) Mr. Snyder—either in his individual capacity or through BSG—marketed an employee benefit plan that allowed for payment of whole life insurance policies with pretax money. (Id. at ¶ 12.) Plaintiffs retained either Mr. Snyder or BSG to establish one

such plan for Y&K (the "Y&K Plan"), which was funded with whole life insurance on the lives of Mr. Yeslow and Mr. Koeppel. (Id. at ¶ 13.) A trust created for Plaintiffs' benefit owned those life insurance policies. (Id.) Plaintiffs do not name the trust or the trustee in this action.

After an unfavorable ruling from the U.S. Tax Court, it became clear that the Y&K Plan would not yield the intended tax benefits. (Id. at ¶ 17.) Plaintiffs then sought to terminate the plan and transfer the life insurance policies to Mr. Yeslow and Mr. Koeppel. (Id. at ¶ 18.) During this process, Plaintiffs discovered that Defendants, without Plaintiffs' knowledge or permission, had taken loans for Defendants' benefit against the cash value of the policies. (Id. at ¶¶ 19, 21.) Defendants also used the cash balances of Plaintiffs' life insurance policies to pay Defendants' business loans. (Id. at ¶ 21.)

Plaintiffs now sue Defendants for breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a) (Count I); civil theft under section 727.11, Florida Statues (Count II); and return of the money "lent" in connection with the Y&K plan (Count III). (Id.)

Defendants move to dismiss, alleging: (a) lack of personal jurisdiction; (b) failure to state a claim; (c) failure to join an indispensable party (the trust and trustee); and (d) failure to attach a document upon which the claims rely (the trust documents). (Doc. 11.) Plaintiffs respond in opposition and alternatively request leave of court to amend the complaint. (Doc. 13.) Neither party submitted affidavits or other evidence relating to the jurisdictional inquiry.

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often referred to as "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." Id. at 1323.

Plaintiffs bring all three of their claims against both Defendants, yet BSG's role and relationship to Plaintiffs remain unclear. Throughout the complaint, Plaintiffs use the collective terms "Plaintiffs" and "Defendants" where it is obvious that a particular allegation could not apply to all of the Plaintiffs or Defendants here. And the applicable fiduciary duties are unclear from the blurred distinction between the different Defendants. For example, if BSG is the administrator of the plan, Plaintiffs do not explain how Mr. Snyder—in his individual capacity—owed them a fiduciary duty. To underscore the Court's confusion, the complaint contains an allegation that reads, "Plaintiffs had a fiduciary obligation to Plaintiffs . . . ." (Doc. 1 at ¶ 13.) Given that the relationship between Plaintiffs and Defendants

3

forms the crux of this case, the complaint is too ambiguous and would greatly benefit from more specificity about who did what.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting Weiland, 792 F.3d at 1320).  When complaints are dismissed on shotgun pleading grounds, the Eleventh Circuit generally requires courts to "allow a litigant one chance to remedy such deficiencies." Id.  Accordingly, the Court sua sponte dismisses the complaint as a shotgun pleading without prejudice to Plaintiffs to amend.

The Court notes that, as of February 1, 2021, Local Rule 3.01(g) requires parties to confer prior to filing a motion to dismiss.[1]  Plaintiffs are to carefully consider whether they should maintain this action and, if so, be mindful that the Court is unlikely to afford them a second opportunity to amend their complaint.

## CONCLUSION

For the above reasons, it is **ORDERED**:

1. Plaintiffs' complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.  Plaintiff shall file an amended complaint **no later than February 25, 2021**.  Failure to timely file an

---

[1] Local Rule 3.01(g) previously included motions to dismiss among the motions exempt from the conferral requirement.  As of February 1, 2021, motions to dismiss have been removed from the list of exemptions.

4

amended complaint may result in dismissal of this action without further notice.

2. Defendants' motion to dismiss (Doc. 11) is **DENIED AS MOOT**.

**ORDERED** in Fort Myers, Florida, on February 11, 2021.

*/s/ John L. Badalamenti*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

5